[Filed January 4, 1887.]

## H. A. SNOW v. E. W. REED.

BOARD OF PILOT COMMISSIONERS—JURISDICTION OVER PILOTS—NOTICE.—The jurisdiction of the board of pilot commissioners for the Willamette and Columbia rivers over the pilots appointed by them is immediate and continuous, and upon a charge of misconduct against any such pilot, it is not necessary that a formal notice thereof be served upon him. It is sufficient that he be given an opportunity to explain or disprove the charge.

SAME—ATTORNEY.—While such board cannot delegate to another the decision of any question which the law requires them to determine, they may employ an attorney to acquaint them as to the manner of conducting the investigation.

CLATSOP COUNTY.    Plaintiff appeals.    Affirmed.

*Nolan & Dorris* and *C. W. Fulton*, for Appellant.

*C. H. Page*, for Respondent.

THAYER, J.—This case involves the regularity of proceedings of the board of pilot commissioners for the Columbia and Willamette rivers, in revoking the license of the appellant as pilot on said rivers. He was charged with drunkenness and carelessness, while in charge as pilot of the ship W. H. Starbuck, and with running the ship aground. It was heard before a majority of the members of the board; was sustained, and the decision thereon rendered, which is the subject of complaint. The circuit court, upon writ of review, sustained it, and this appeal was taken therefrom.

The authority of the board is not questioned, nor the sufficiency of the cause for revocation. Neither is it pretended that the appellant has been deprived of any opportunity to make his defense to said charge; but it is claimed that said proceedings were not conducted in conformity with the statute under which said board was created. The several matters of alleged irregularity in the proceedings of the board have been considered by the court, but are not deemed sufficient to authorize the annulment of the decision made in the premises.

The law does not require the same strictness in the proceedings of such a body in administering the affairs committed to its charge as it does in the proceedings of courts of justice. The latter must not only have jurisdiction of the subject matter, but must acquire jurisdiction of the person, before they proceed to hear and determine; and they can only acquire jurisdiction of the person in the mode pointed out by law, while the former has jurisdiction in the outset of both the subject matter and the person.

The board of pilot commissioners had control over the appellant as a pilot. They appointed him pilot, because they supposed him suitable for the position; and it was their duty to observe his conduct, and, if he failed to discharge his duties, to revoke his license. Their jurisdiction over the pilots they appoint is constant and continuous. No notice has to be served on a pilot charged with neglect of duty, in order to give the board

jurisdiction. The statute may require notice to be given to the pilot in certain cases, where a charge for dereliction of duty has been made against him, and require the board to observe certain forms in the investigation thereof; but that is for the benefit of the pilot. It is to give him an opportunity to explain and disprove the charge. Such requirements should be substantially complied with. The board would have no right to proceed unless they were. It is no more, however, than the superior saying to the inferior, to whom it has entrusted the administration of a certain affair, that the inferior must not act hastily and upon mere hearsay in the particular case. The proceedings of the board of pilot commissioners in such cases are not summary proceedings, to divest or affect rights of property, in the sense in which the latter are understood when required to be strictly construed. The courts have no right to interfere in the former case, except to prevent an injustice. If the board were to act arbitrarily, and absolutely disregard the restrictions which the statute had imposed upon it, the act should be annulled.

The several circuit courts of the state have, under the constitution, supervisory control over officers and tribunals of that character (Const., Art. 9, § 7); and should exercise it whenever necessary to keep them within the line of their duty, or to correct such acts done outside thereof as substantially injure parties; but to attempt to control their discretion, or require them to observe all the niceties in the ordinary administration of their duties that are required of officers and tribunals proceeding under statutory authority to divest parties of general property rights, would be absurd. There is no analogy whatever between the two classes of cases.

In the case under consideration, a complaint was made in writing against the appellant, and filed with the secretary of the board. He was notified of the fact, and required to appear and answer it. He appeared at the time, but none of the members of the board were present. The secretary informed the appellant that the hearing was postponed until a subsequent day, at which time he again appeared. But two of the mem-

bers of the board were then present, and they proceeded to
investigate the charge. The appellant, however, moved to dis-
miss the complaint, upon the grounds that the board had lost
jurisdiction. This is one of the principal grounds of error re-
lied on. Such a ground might be tenable in a justice's court
proceeding, where jurisdiction is obtained by the personal ser-
vice and return of a summons, and may be lost by the failure
of the justice to be present at the time the defendant is re-
quired to appear and answer; but in this proceeding the board
had jurisdiction by reason of the relation existing between it and
the appellant. The latter was at all times amenable to the
former for his conduct, and it only had to say to him that a
complaint had been made against him for certain misconduct,
and to come forward and explain it. The proceeding is neces-
sarily summary, and was designed and intended to insure effic-
ient service in the promotion of navigation and commerce.

Another ground of error is, that the commissioners, while
investigating the charge against the appellant, employed and
had present an attorney to instruct and advise them with refer-
ence thereto; which attorney, appellant's counsel claim, was
also acting as attorney for the respondent in the proceeding.
It does not appear that the attorney did instruct or advise
the commissioners; nor that he was attorney for the respond-
ent. The commissioners had a right to employ an attorney,
to acquaint them as to the manner of conducting the investi-
gation. It is not supposed that the board, where two of its
number are required by the law creating it to have been en-
gaged as masters or mates on seagoing vessels or steamboats
for at least two years prior to their election, and the third
liable to be selected on account of his practical knowledge of
navigation, would have much idea about the form of such a
proceeding, and their engagement of a suitable person to ad-
vise them regarding such matters, especially when the appel-
lant appeared with a force of attorneys, as he did in this affair,
and interposed technical demurrers and motions, was very
proper. They could not, of course, delegate to their attorney
the decision of any question which the law required them to

determine; nor determine it themselves through his advice; but to receive advice from him as to the various steps to be taken in the progress of the investigation was legitimate. There would not, in any case, be grounds for the court's interference with the decision of the commissioners, unless it appeared that they had abused the trust reposed in them to the prejudice of the appellant.

I have not been able to discover but that the appellant had a fair hearing in the matter, although the determination against him may have been severe and injurious in its consequences; still the interest of navigation and commerce must be consulted and regarded as paramount to his loss. No person should be trusted with a pilot's license who is under any taint of suspicion of intemperance. An assurance upon the part of the board of pilot commissioners, that a person addicted to drunkenness was competent to take charge of a vessel and conduct her safely to port, would be criminal. The necessity of prudence, skill and sobriety in the discharge of so important a duty, is too great to justify the board in accrediting any one as competent to perform it, unless absolutely known to possess those requisites.

The appellant's counsel also claimed that the president of the board called the meeting at which the said charge was investigated without notifying commissioner Brown thereof. Whether this is so or not does not appear from the record, and I do not think that we should presume that such was the fact. It was the duty of the president of the board, when he calls a meeting thereof, to give reasonable notice to the other commissioners, and we have the right to presume that he performed that duty, I think, unless it is shown to the contrary. The decision of the circuit court appealed from should be affirmed.

STRAHAN, J., concurs in the result, upon the principles announced in *Wood* v. *Riddle*, decided at this term.